No. 92.—Dow, Wilson & Herreman, plaintiffs in error, vs. J. S. Smith & Co. defendants in error.

[1.] In order to sue out an attachment in behalf of a firm, one partner has the right to execute a *bond* in the name of the firm.

[2.] A general judgment creditor cannot form an issue and traverse the truth of the affidavit of the attaching creditor, after judgment rendered on the attachment, and on a motion to distribute money belonging to the defendant.

Certiorari, Muscogee Superior Court.    Decided by Judge Alexander, May Term, 1850.

The questions in this case arose upon a motion to distribute money in the hands of the Sheriff, arising from the sale of the property of Birdsong & Sledge. Dow, Wilson & Herreman claimed as general judgment creditors. Jos. S. Smith & Co. claimed under a judgment on attachment of an older date. Counsel for Dow, Wilson & Herreman objected to the judgment of J. S. Smith & Co.—

1st. Because the attachment bond was not good and legal; because it was signed by one partner in the partnership name.

2d. Because a general judgment had been entered up on said attachment, and execution accordingly, instead of a judgment and execution *in rem.*

3d. Because there was no return by the officer, showing that he had advertised his proceedings according to law.

4th. Because the judgment was entered and execution issued before the debt was due.

The Court overruled the objections, and permitted counsel for Smith & Co. to enter a judgment *in rem, nunc pro tunc,* and to have execution instanter ; also, to prove by the levying officer, that he did advertise according to law.    To which decisions, written exceptions were filed.

Counsel then tendered an issue, whereby they traversed and denied the truth of the ground of attachment alleged in the affidavit, viz:    that Birdsong & Sledge were about to remove without the limits of the State, and demanded a Jury to try the issue.    The Court refused the motion, and written exceptions to this decision were filed.

Upon these exceptions, a writ of certiorari was sued out to the

Superior Court; And upon hearing the return thereto, the Court dismissed the certiorari.

Upon this decision, error is assigned.

Jas. Johnson, for plaintiffs in error.

H. Holt, for defendant.

*By the Court.*—Lumpkin, J. delivering the opinion.

Numerous exceptions were taken to the rulings of the Court below in this case ; but two only have been argued and insisted upon before us.

It appears that the Smiths, who were partners, having a judgment on attachment against Birdsong & Sledge, and money belonging to the defendants being in Court, subject to its order, moved to have it applied to their demand.   This application was resisted by the plaintiffs in error, who were also judgment creditors, on the ground, that the bond given to Birdsong & Sledge, by the Smiths, when they sued out their attachment, was void— the firm name having been signed to it by one of the partners.

Without stopping to inquire whether or not this objection is good in the mouth of third persons, it is a sufficient answer to make to it, to say that it is authorized by a fair construction of the Act of 1838.   See *Pamphlet, p.* 165.

[2.] Dow, Wilson & Herreman proposed to traverse the truth of the affidavit upon which the attachment of the Smiths was issued ; and the refusal to allow this is the next error complained of.

It is exceedingly questionable whether this could be done by the defendants themselves, especially after the appearance term of the attachment.   We are quite confident that third persons had no such right after judgment had been rendered on the attachment.

The Inferior Court was right, therefore, and the judgment of the Superior Court right, in refusing the *certiorari.*